IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH ASHMORE,

                                                                         OPINION and ORDER

                   Plaintiff,

                                                                      07-C-0458-C

      v.

MATTHEW FRANK, Secretary;
JACK KESTIN, Classification Specialist;
JANE DIER-ZIMMEL;
ROBERT SCHENCK; and
SARA POLK,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated October 23, 2007, I dismissed plaintiff's claims that defendants violated his due process and Eighth Amendment rights pursuant to 28 U.S.C. § 1915A because the claims in the complaint failed to state a claim upon which relief may be granted. Moreover, I denied plaintiff's motion for appointment of counsel. At the same time, I stayed a decision on plaintiff's RLUIPA and First Amendment claims and allowed him until November 7, 2007 in which to submit a supplement to his complaint to identify any individual personally responsible for allegedly depriving him of religious services and materials.

1

Presently before the court is plaintiff's motion for reconsideration, in which he contests my decisions to dismiss his due process and Eighth Amendment claims and renews his motion for appointment of counsel, this time enclosing letters from attorneys he has contacted. Plaintiff's motions for reconsideration and appointment of counsel will be denied. His arguments for reinstating claims relate to issues that were addressed in the screening order. In addition, he relies on state administrative regulations that can be enforced only in state court through a writ of certiorari. In sum, nothing in plaintiff's motion shows that I erred in denying plaintiff leave to proceed on those claims.

It is now November 9, 2007 and plaintiff has not filed a supplement to his complaint as was required to avoid dismissal. Plaintiff does discuss the deficiencies in his First Amendment pleading within his motion for reconsideration, stating that "[t]he [F]irst Amendment is violated by all the defendants the day they placed me in [temporary lockup]. As once an inmate is in TLU, he can not be allowed to go to Church Services or get anything set to him while in TLU including a Bible." Nothing in plaintiff's statement identifies the individuals who were personally involved in the alleged deprivation." At best, plaintiff's statement is a bald assertion that *somehow* all defendants were personally involved in his placement in temporary lockup. It fails to identify the individuals personally involved in the alleged deprivation of religious materials or services. Because plaintiff has failed to properly supplement his complaint, I must dismiss his First Amendment and RLUIPA claims.

2

Because I am dismissing the remaining claims in this case, plaintiff's renewed motion for appointment of counsel will be denied as moot.

ORDER

IT IS ORDERED that

1. Plaintiff Kenneth Ashmore's motion for reconsideration of this court's order of October 23, 2007 dismissing plaintiff's due process and Eighth Amendment claims is DENIED.

2. Plaintiff Kenneth Ashmore's claims that his First Amendment rights and rights under RLUIPA were violated when he was deprived of a Bible and the ability to attend religious services while he was confined in temporary lockup are DISMISSED pursuant to 28 U.S.C. § 1915A because the claims in the complaint fail to state a claim upon which relief may be granted.

3. Plaintiff Kenneth Ashmore's second motion for appointment of counsel is DENIED as moot.

4. This case is DISMISSED with prejudice for petitioner's failure to state a claim upon which relief may be granted.

Case: 3:07-cv-00458-bbc Document #: 8 Filed: 11/14/07 Page 4 of 4

5. A strike will be recorded against petitioner pursuant to § 1915(g).

Entered this 13th day of November, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

4