IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH ASHMORE,

                                        ORDER

              Plaintiff,

                                     3:07-cv-458-bbc

     v.

MATTHEW FRANK, Secretary;
JACK KESTIN, Classification Specialist;
JANE DIER-ZIMMEL;
ROBERT SCHENCK; and
SARA POLK,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered on November 13, 2007, I dismissed plaintiff's claims that his First Amendment rights and rights under RLUIPA were violated when he was deprived of a Bible and the ability to attend religious services while he was confined in temporary lockup. In the same order, I denied plaintiff's motion for reconsideration of this court's order of October 23, 2007 dismissing his due process claim that he had a liberty interest in his job and his Eighth Amendment claims that while he was confined in temporary lockup he was exposed to conditions that constituted cruel and unusual punishment. Plaintiff's claims were dismissed pursuant to 28 U.S.C. § 1915A because his claims failed to state a claim upon

1

which relief may be granted. Now plaintiff has filed a notice of appeal. The notice is not accompanied by the $455 fee required for filing an appeal. Therefore, I construe plaintiff's notice of appeal to include a motion for leave to proceed on appeal in forma pauperis.

In determining whether plaintiff may appeal in forma pauperis, I must consider whether he has three strikes under 28 U.S.C. § 1915(g) and, if not, whether he is indigent and whether his appeal is taken in good faith. Plaintiff does not have three strikes. However, I am unable to verify that plaintiff is indigent because he was not required to submit a trust fund account statement when he filed this case. (Plaintiff paid the $350 filing fee when he filed the complaint in this case.) Nevertheless, plaintiff cannot proceed in forma pauperis on appeal because I must certify that his appeal is not taken in good faith.

I presume plaintiff intends to raise on appeal the claims he raised in his complaint. The Court of Appeals for the Seventh Circuit has instructed district courts to find bad faith where a petitioner is appealing the same claims the district court found to be without legal merit in his complaint. Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000). Because plaintiff is attempting to raise on appeal the same legally meritless claims he raised in his complaint in this court, I must certify his appeal as not being taken in good faith.

Because I am certifying plaintiff's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Pursuant to Fed. R. App. P. 24, plaintiff has

2

30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal.  His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.  Plaintiff should be aware that if the court of appeals agrees with this court that the appeal is not taken in good faith, it will send him an order requiring him to pay all of the filing fee by a set deadline.  If plaintiff fails to pay the fee within the deadline set, the court of appeals ordinarily will dismiss the appeal and order this court to arrange for collection of the fee from plaintiff's prison account.

## ORDER

IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis on appeal is DENIED.  I certify that plaintiff's appeal is not taken in good faith.

Entered this 17th day of December, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge